IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CIVIL ACTION NO. 12-0498-KD-M ) |
| HAMILTON SMITH, | ) ) |
| Defendant. | ) |

### ORDER

This action was brought pursuant to the Clean Water Act, 33 U.S.C. § 1319(b) and (d), and is now before the Court on defendant Hamilton Smith's motion to bifurcate and the United States' response in opposition (docs. 16, 22). Upon consideration, and for the reasons set forth herein, the motion is DENIED.

Background

The United States brings this civil action against Smith pursuant to Sections 309(a) and (d) of the Clean Water Act, 33 U.S.C. §1319(b) and (d), to obtain injunctive relief and civil penalties. The United States alleges that Smith has discharged pollutants into waters of the United States in Baldwin County, Alabama, without authorization by a permit issued by the United States Army Corps of Engineers. Smith contends that his activities on the land are agricultural and silvicultural operations that are exempt under Section 404(f) of the Act.

Smith moves the Court to bifurcate the trial into a liability phase and a damages/civil penalties phase. Smith argues that bifurcation would streamline discovery, expedite the litigation, and avoid prejudice to Smith by discovery of personal and business financial information should he be found not liable. In opposition, the United States argues that bifurcation would complicate the action, result in prolonged and duplicative judicial proceedings, delay final resolution, and prejudice its efforts to establish its case against Smith because it is entitled to discover all

relevant evidence regarding all the matters raised in the complaint.  The United States points out that there is substantial overlap between evidence that is relevant to liability and evidence that is relevant to civil penalties and that these issues are so intertwined that bifurcation would be inefficient and confusing.

Analysis

Under Rule 42(b) of the Federal Rules of Civil Procedure, the Court has discretion to bifurcate certain issues or claims "for convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b).  Smith has failed to convince the Court that a bifurcation of the trial will expedite the process.  Rather, the United States makes a convincing case that most of the discovery requested that relates to possible civil penalties also relates to liability.  This determination should not be construed as an endorsement that all of the discovery requested by the United States is appropriate.  That decision will be made by United States Magistrate Judge Cassady upon proper motion. *See Griffin v. City of Opa–Locka*, 261 F.3d 1295, 1301 (11th Cir. 2001) (Finding that the district court did not abuse its discretion when it concluded that bifurcation would decrease judicial efficiency and "'result in the court essentially trying the same case twice.'").

**DONE** and **ORDERED** this the 27th day of March, 2013.

 s / Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**