# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>HAMILTON SMITH, )<br>    Defendant. ) | CIVIL ACTION NO. 12-00498-KD-C |

## ORDER

This matter is before the Court on Plaintiff's Motion for Summary Judgment (Docs. 47-49), Defendant's Response (Doc. 51), and Plaintiff's Reply (Doc. 53).

## I. Standard of Review

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a) (Dec. 2010). Rule 56(c) provides as follows:

> *(1) Supporting Factual Positions.* A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
>     **(A)** citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
>     **(B)** showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
>
> *(2) Objection That a Fact Is Not Supported by Admissible Evidence.* A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.
>
> *(3) Materials Not Cited.* The court need consider only the cited materials, but it may consider other materials in the record.
>
> *(4) Affidavits or Declarations.* An affidavit or declaration used to support or oppose a

> motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

FED.R.CIV.P. Rule 56(c) (Dec. 2010). The party seeking summary judgment bears the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). If the nonmoving party fails to make "a sufficient showing on an essential element of her case with respect to which she has the burden of proof," the moving party is entitled to summary judgment. Celotex, 477 U.S. at 323. "In reviewing whether the nonmoving party has met its burden, the court must stop short of weighing the evidence and making credibility determinations of the truth of the matter. Instead, the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Tipton v. Bergrohr GMBH-Siegen, 965 F.2d 994, 998-999 (11th Cir. 1992) (internal citations and quotations omitted).

## II.     Discussion

Defendant, Mr. Hamilton Smith ("Mr. Smith"), owns approximately 900 acres in Baldwin County, Alabama. Included on the property are several creeks. Between 2000-2005, he built 5 dams on his property, which provided roads and resulted in several lakes. Mr. Smith did not request permission from the Corps of Engineers before engaging in these improvements to his property.

The United States has established, and Mr. Smith does not dispute, that the tributaries at issue are jurisdictional waters of the United States and that Mr. Smith built the dams using point

sources that discharged pollutants. Mr. Smith also does not contest that the dam, labeled Dam E, was built in violation of the Clean Water Act's[1] section 404 permitting requirement. Section 404 requires that, before discharging dredged infill material into jurisdictional waters of the United States, you must obtain a permit from the Secretary of the Army.[2]

What is in dispute is whether Mr. Smith was required to seek a permit before he built the other four dams, labeled A-D. After six years of negotiation this dispute was not resolved and the United States filed its complaint seeking an injunction and civil penalties. The United States now contends there are no genuine issues of material fact outstanding and that the Court should summarily grant judgment in its favor as to Mr. Smith's liability under the CWA.

Mr. Smith disagrees, except for Dam E, and contends that Dams A-D did not require a permit because they were built in compliance with the CWA permitting exception for forest roads (and for silviculture).[3] The forest roads exemption covers the discharge of dredged or fill material "for the purpose of construction or maintenance of farm roads or forest roads ... where such roads are constructed and maintained in accordance with best management practices [BMPs] to assure that flow and circulation patterns and chemical and biological characteristics of the navigable waters are not impaired, that the reach of the navigable waters is not reduced, and

---

1 Congress enacted the Clean Water Act for the "restoration and maintenance of chemical, physical, and biological integrity" of the waters of the United States. 33 U.S.C. § 1251(a). The CWA makes it illegal to introduce pollutants from any point source into the navigable waters of the United States without a permit. 33 U.S.C. §§ 1311(a), 1342.

2 33 U.S.C. § 1344(a). To establish a prima facie case of a violation of Sections 301 and 404, the United States must prove that Mr. Smith is a 1) person who 2) discharged a pollutant 3) from a point source 4) into waters of the United States 5) without a permit issued under CWA section 404. 33 U.S.C. §§ 1311(a), 1344 and 1362 (definitions); U.S. v. RGM Corp., 222 F.Supp.2d 780, 786 (E.D. Va. 2002); U.S. v. Board of Trustees of Fla. Keys Cmty. College, 531 F.Supp. 267, 274 (S.D. Fla. 1981).

3 For the "silviculture exemption" to apply, "the activities ... must be part of an established (i.e., on-going) farming, silviculture, or ranching operation...." 33 C.F.R. § 323.4(a)(1)(ii).

that any adverse effect on the aquatic environment will be otherwise minimized." 33 U.S.C. § 1344(f)(1)(E). This permitting exception requires that the roads be constructed in accordance with 15 mandatory Best Management Practices ("BMPs") in order to be excepted from the CWA permitting requirement. 33 C.F.R. § 323.4(a)(6)(i-xv); 40 C.F.R. § 232.3(c)(6)(i-xv). To qualify for the forest roads exemption, Mr. Smith bears the burden to establish that his activities satisfy the exemption's requirements. See, e.g., U.S. v. Brink, 795 F.Supp.2d 565, 582 (S.D. Tex. 2011); Avoyelles Sportsmen's League, Inc. v. Marsh, 715 F.2d 897, 926 (5th Cir. 1983); U.S. v. Akers, 785 F.2d 814, 819 (9th Cir. 1986); In re Carsten, 211 B.R. 719, 732 (Bkrtcy. D. Mont. 1997).

The United States argues that Mr. Smith failed to comply with the mandatory BMPs. Alternatively, they contend that even if he did comply he still would not be entitled to a permit because his activities are subject to "recapture." Recapture refers to the concept that, despite exceptions to the CWA permitting requirement, if dam construction and resulting discharges significantly alter the "use" of navigable waters and the reduction or reach/circulation of such waters, then the Section 404 exemptions are inapplicable.[4] The United States contends that because Mr. Smith's dams altered the ecosystem and this affected the hydrology of the jurisdictional waters, the use and the reduction or reach/circulation was altered.

Mr. Smith, relying primarily on his expert, Dr. Barry Vittor, responds that the dams were built in full compliance with the BMPs. Evidence has also been presented that a beaver was the

---

4 Section 1344(f)(2) *reinstates* the permit requirement where the discharge of dredged or fill material into the navigable waters is "incidental to any activity having as its purpose bringing an area of the navigable waters into a use to which it was not previously subject, where the flow or circulation of navigable waters may be impaired or the reach of such waters reduced ...." To fall within the exception, both conditions (new use *and* reduction or reach/circulation of waters) must be shown to apply. Greenfield Mills, Inc. v. Macklin, 361 F.3d 934, 949 and 953 (7th Cir. 2004).

responsible party for the dams that resulted in vegetative disturbance and any aquatic life disruption. This occurred despite Mr. Smith's attempt to eradicate the Castor Canadensis. Mr. Smith also has presented evidence, again relying primarily on Dr. Vittor's expertise, that the ecosystem was not significantly altered, thus, recapture is not invoked. Mr. Smith's evidence is sufficient to withstand the United States' motion for summary judgment.

Upon consideration of the evidence the Court finds that, with the exception of Dam E,[5] there are genuine issues of material fact in dispute as to whether Dams A-D were built in violation of the CWA.

### III. Conclusion

Accordingly, it is **ORDERED** that Plaintiff's Motion for Summary Judgment (Docs. 47-49) is **DENIED.**

**DONE** and **ORDERED** this the **18th** day of **December 2013.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

5 As to Dam E, only the issue of damages will be addressed by the jury.