IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 12-00498-KD-C |
| | ) | |
| HAMILTON SMITH, | ) | |
|     Defendant. | ) | |

**ORDER**

This matter is before the Court on the parties' "Joint Stipulation Regarding Jury Demand and Bifurcation" (Doc. 58), which the Court construes as a Rule 42 motion to bifurcate.

The United States sued Defendant Hamilton Smith, alleging that he has violated Section 301(a) of the Clean Water Act, 33 U.S.C. § 1311(a), by discharging fill material without a permit on his property in Bay Minette, Alabama. The parties presently agree that pursuant to Tull v. United States, 481 U.S. 412 (1987),[1] and Rule 42,[2] certain issues are not proper for submission to a jury, but rather for the Court to decide (*i.e.*, that a jury trial is available for the issue of CWA liability but is not available for the issue of remedy). Additionally, Defendant Smith, who initially demanded a trial by jury, has stipulated (in part) to a non-jury trial under Rule 39(a)(1).

Upon consideration, the Court finds that Rule 42 bifurcation of the trial for convenience, efficiency, and to avoid any potential prejudice that may arise from the presentation of evidence associated with Defendant Smith's alleged CWA liability versus the remedy and civil penalty for

---

[1] In Tull, the U.S. Supreme Court held that the Seventh Amendment guarantees a jury trial to determine liability, but not the amount of the fine, in an action by the federal government seeking CWA civil penalties.

[2] Rule 42 of the Federal Civil Rules of Procedure provides for bifurcation (separate trials): "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial." Fed.Civ.P. Rule 42(b).

CWA violations, is proper. Accordingly, it is **ORDERED** that the parties' joint motion to bifurcate trial of this matter (Doc. 58) is **GRANTED** as follows:

1) This case shall be bifurcated for trial purposes.

2) The first phase of trial (Phase I) shall be limited to the issue of Defendant Smith's liability under the CWA for alleged fill material violations and shall be held before a jury. Phase I trial will also address Defendant Smith's affirmative defenses.

3) Defendant Smith has withdrawn his demand for a jury trial regarding "Dam E," as CWA liability for that structure has been conceded. Remedial issues relating to "Dam E" shall be determined by the Court as set forth in Paragraph 3.

4) Defendant Smith has withdrawn his demand for a jury trial on the issue of remedy, including the United States' claims for injunctive relief (i.e., environmental restoration and mitigation), and the amount of civil penalty for any CWA violations relating to any of the alleged fill discharges at issue. Thus, the second phase (Phase II) shall be a non-jury trial, and at a minimum will address the United States' claims for injunctive relief and a civil penalty for the fill discharge for which CWA liability is admitted. Similarly, the second phase of trial will address those remedial issues regarding any CWA violations found in connection with the other four alleged fill material violations at issue in Phase I.

5) The Phase I trial is set for Jury Selection on **April 1, 2014 at 8:45 a.m.,** for trial sometime during the month of **April 2014.** The specific dates and times for both the Phase I trial (jury) and Phase II trial (non-jury) will be determined at the Final Pretrial Conference.

**DONE** and **ORDERED** this the **27th** day of **January 2014.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**