# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff, | )<br>)<br>) |
| v. | )    CIVIL ACTION NO. 12-00498-KD-C<br>) |
| HAMILTON SMITH,<br>    Defendant. | )<br>)<br>) |

## ORDER APPOINTING RULE 53 CONSULTANT

This matter is before the Court on Plaintiff's *unopposed* Notice of Suggested Candidate for Appointment as the Court's consultant identifying Gena Todia (Doc. 148), and Plaintiff's Supplemental Notice (Doc. 151).

Pursuant to Federal Rule of Civil Procedure Rule 53(a)(1)(C), this Court may appoint a consultant to address post-trial matters that "cannot be effectively…addressed by an available district judge." In this case, the implementation of, and monitoring compliance with, the restoration plan (Doc. 145-1) issued in this case cannot be effectively monitored by the undersigned due to the expertise needed.

Having determined that the appointment of a Rule 53 consultant is proper and that it is fair and reasonable that Defendant Hamilton Smith pay for the expenses of a consultant under Rule 53(a)(3), the Court requested suggestions of candidates by the parties. The parties *jointly* request that Gena Todia, President of Wetland Resources Environmental Consulting, Fairhope, Alabama, be appointed as Consultant.

Upon consideration – and after having given notice to the parties that this Court would appoint a Consultant, having received the suggestion from the parties to appoint Gene Todia as

1

Consultant, and having received Todia's disqualification Declaration swearing there is no ground for disqualification under 28 U.S.C. § 455[1] -- it is hereby **ORDERED** that Plaintiff's *unopposed* request is **GRANTED** and Gene Todia is **APPOINTED** as the Rule 53 Consultant.

Accordingly, the Court hereby **APPOINTS** Gene Todia to serve as Consultant in this case to ensure the timely and effective implementation of, and monitoring of Defendant Hamilton Smith's compliance with, the restoration plan set forth at Doc. 145-1 as follows:[2]

> **1.** The Consultant is **DIRECTED** to proceed with all reasonable diligence in performing her duties, as set forth in the restoration plan issued in this case (Doc. 145-1), and herein. Fed. R. Civ. P. 53(b)(2).
>
> **2.** **Consultant's Duties**.[3] Fed. R. Civ. P. 53(b)(2)(A).
> -The Consultant's duties include monitoring Defendant Hamilton Smith's compliance with the temporary restorative injunction -- and the implementation of same in a timeframe that corresponds with that provided in Doc. 145-1.
> -The Consultant shall monitor and report upon Defendant Hamilton Smith's implementation and compliance with Doc. 145-1, submit status reports, and make recommendations to the Court and the parties on remedial action, if needed.
> -The Consultant shall file periodic reports with the Court notifying same of the status of Defendant Hamilton Smith's compliance with the temporary restorative injunction, as instructed.
>
> **3.** **Consultant's Communications with the Parties and the Court**. Fed. R. Civ. P. 53(b)(2)(B).[4] The Consultant may communicate *ex parte* with the Court or a party to explain any findings made in the monitoring report.

---

1 Todia has submitted the requisite statement with regard to any potential grounds for disqualification in this case, affirming that there are no grounds for disqualification under 28 U.S.C. § 455 and that no conflicts of interest exist. Fed.R.Civ.P. Rule 53(a)(2) and 53(b)(3). (Doc. 151-1 at 1 (Decltn. Todia)).

2 Rule 53(b)(2) requires an order of appointment to include certain contents. The following discussion sets forth the matters required.

3 Rule 53(a)(1)(A) states that the Court may appoint a master to "perform duties consented to by the parties."

4 Rule 53(b)(2)(B) directs the Court to set forth "the circumstances, if any, in which the master may communicate ex parte with the court or a party."

**4.    Consultant's Record**.    Fed. R. Civ. P. 53(b)(2)(C).[5]  The nature of the materials to be preserved and filed as the record of the consultant's activities is defined as follows:

-The Consultant must file an annual monitoring report.

-The Consultant shall maintain normal billing records of the time spent on this matter with reasonably detailed descriptions of her activities and matters upon which she has worked.

-If the Court asks the Consultant to submit a formal status report or recommendation regarding any matter, the Consultant shall submit such status report or recommendation in writing, for electronic filing on the case docket.

-The Court may later amend the requirements for the Consultant's record if the role of the Consultant changes, or if the Court finds such necessary.

**5.    Consultant's Authority**

-While a consultant has been appointed, this Court retains full authority in this case to hold all proceedings and make all final decisions as to whether the Court's Order has been implemented.

-Specifically, the Consultant <u>shall not</u> have the authority to conduct any formal proceedings or evidentiary hearings or issue any sanction.  However, the Consultant shall have the authority to initiate contact and communicate with the parties and their counsel, as the need arises, to permit the full and efficient performance of her duties and/or for the purposes of the efficient monitoring of compliance with the temporary restorative injunction.

**6.    Review of the Consultant's Reports and/or Recommendations**[6]  Fed. R. Civ. P. 53(b)(2)(D).   The Consultant shall perform her duties during the time limits set forth in the temporary restorative injunction at Doc. 145-1.

-The Consultant shall not issue orders in this case.

-Any findings of the Consultant shall be filed with the Court in the form of periodic written Status Reports or a Recommendations (as needed and as directed, given the circumstance) regarding Defendant Hamilton Smith's compliance with the restoration plan and in so doing, shall also file supporting documentation as specified under same or as requested by this Court.   Fed. R. Civ. P. 53(d).   The Consultant may only issue such status reports or recommendations for the undersigned's review and approval.   All such submissions shall be in writing and shall be made of record.

-The Consultant shall file Status Reports and/or Recommendations **every 90 days** starting from the date of this Order, unless the Court orders otherwise.

-The Consultant shall reduce any report or recommendation to writing and file it electronically on the case docket via Electronic Case Filing ("ECF").

---

[5] Rule 53(b)(2)(c) states that the Court must define "the nature of the materials to be preserved and filed as a record of the master's activities."

[6] Rule 53(b)(2)(D) directs the Court to state "the time limits, method of filing the record, other procedures, and standards for reviewing the master's orders, findings, and recommendations."

3

**7. Consultant's Compensation**.[7] Fed. R. Civ. P. 53(b)(2)(E), 53(g)(1)-(3). The basis, terms, and procedure for fixing the consultant's compensation, which this Court finds reasonable at the rate of **$125/hour** for an estimated **48 hours (or $6,000)** of work in this case, has been agreed upon among the parties and the consultant.[8]

-The Consultant shall make all reasonable efforts to stay within the estimated $6,000 budget. However, if needed, the Court may set a new basis and terms after giving notice and an opportunity to be heard. Fed. R. Civ. P. 53(g)(1).

As stated *supra*, the Consultant's Compensation shall be paid by Defendant Hamilton Smith. Fed. R. Civ. P. 53(g)(2).

The Consultant shall file, **every 120 days**, an Itemized Statement regarding the services rendered and billed (showing all fees and expenses incurred) which the Court will inspect carefully for regularity and reasonableness. If the Court determines the Itemized Statement is regular and reasonable, the Court will sign the corresponding Summary Statement and transmit it to Defendant Hamilton Smith. Defendant Hamilton Smith shall then remit to the Consultant payment of any Court-approved amount, **within 30 calendar days of Court approval.**

**8. Amendments**. Fed. R. Civ. P. 53(b)(4). This Order may be amended by the undersigned at any time after notice to the parties and an opportunity to be heard.

**9. Other Matters**. The Consultant shall have the full cooperation of the parties and their counsel for the purposes of the Consultant's efficient monitoring of compliance with the temporary restorative injunction. The parties will make readily available to the Consultant any and all facilities, files, documents, etc., which are necessary to fulfill the Consultant's functions and duties under this Order and Doc. 145-1.

**DONE** and **ORDERED** this the **5th** day of **September 2014.**

/s/Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

7 Rule 53(b)(2)(E) states that the Court must set forth "the basis, terms, and procedure for fixing the master's compensation;" *see also* Rule 53(g) (addressing compensation).

8 At present, Todia does not know the *exact* amount of time necessary to serve as consultant, but estimates that the appointment will require 48 hours of her time at the rate of $125/hour, totaling $6,000. (Doc. 151-1 at 1-2 (Decltn. Todia)).