IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 12-00498-KD-C |
| | ) | |
| HAMILTON SMITH, | ) | |
| Defendant. | ) | |

## JUDGMENT

This bifurcated matter came before the Court for a March 31-April 4, 2014 jury trial on liability (Phase I),[1] and a June 2-3, 2014 bench trial on damages (Phase II).[2]

In accordance with the jury's April 4, 2014 verdict finding Defendant Hamilton Smith liable as to certain dams/roads (Docs. 94-6, 97-1), and the June 2014 bench trial and subsequently entered July 24, 2014 Order and accompanying temporary restorative injunction (Docs. 145, 145-1), it is **ORDERED**, **ADJUDGED** and **DECREED** that the Government's request for relief against Smith is **DENIED in part** and **GRANTED in part** as follows:

1) the Government's request for entry of a permanent injunction against Smith is **DENIED;**

2) the Government's request for a temporary restorative injunction against Smith is **GRANTED in part as amended and detailed in Doc. 145-1;**

3) the Government's request for compensatory mitigation is **DENIED;**

---

[1] During the Phase I trial, the jury considered Smith's Clean Water Act ("CWA") liability for Dams/roads A, B, C, and D. The jury found Smith liable for Dams/roads A and B (that the forest road exemption applied but so did recapture which removed that exemption). The jury found Smith was not liable for Dams/roads C and D (that the forest road exemption applied and recapture did not). Thereafter, the Government filed a post-trial motion for judgment as a matter of law regarding Dams/roads C and D (Doc. 100), which the Court granted as to D but denied as to C (upholding the jury's verdict on C). (Doc. 106).

[2] Phase II addressed the remedies and damages for the admitted or adjudicated CWA violations by Smith for Dams/roads A, B, D and E.

1

4) the Government's request for a $1,500,000 civil penalty is **DENIED** as to the amount and **GRANTED** as to a form of relief. Smith is **ORDERED** to pay a CWA civil penalty of **$78,000;** and

5) It is further **ORDERED** that pursuant to Rule 53(a)(1)(C) of the Federal Rules of Civil Procedure, the Court has appointed a consultant, Gene Todia, to monitor compliance with the temporary restorative injunction set forth in Doc. 145-1, (Doc. 152), and that Smith is **ORDERED** to pay, in annual installments, the cost of the Court's consultant.

The Court retains jurisdiction over this case in order to monitor compliance the temporary restorative injunction (Doc. 145-1).

**DONE** and **ORDERED** this the **23rd** day of **September 2014.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**