IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,  )  <br>     Plaintiff,  ) <br> ) <br> v.  ) <br> ) <br> HAMILTON SMITH,  ) <br>     Defendant.  ) | CIVIL ACTION NO. 12-00498-KD-C |

**ORDER**

This matter is before the Court on Plaintiff's Motion for Disbursement of Funds (Doc. 175) and Defendant's Response (Doc. 183); and Defendant's Motion for Partial Satisfaction of Judgment (Doc. 176) and Plaintiff's Response (Doc. 181).

On July 24, 2014, this Court ruled, in part, that Defendant was due to pay Plaintiff the sum of $78,000 as a Clean Water Act penalty no later than January 1, 2015, and entered a September 23, 2014 judgment on same. (Docs. 145, 158). Additionally, on November 21, 2014, this Court issued an order and judgment that Defendant was due to pay Plaintiff the sum of $10,000 for reimbursement of Rule 37(c)(2) expenses. (Docs. 167, 168). On December 31, 2014, Defendant paid the sums of $10,000 and $78,000 into the Court Registry. (Docs. 172-174).[1] Plaintiff now seeks payment of funds to the U.S. Department of Justice Nationwide Central Intake Facility, by having the funds paid into the Registry be sent the Department of Justice, Debt Accounting Operations Group, and via its proposed order. (Docs. 175, 175-1). Defendant does not oppose Plaintiff's request that his payments be sent to the Department of

---

[1] Defendant was not ordered to pay these sums into the Court's Registry, and thus did so on his own accord (rather than pay Plaintiff directly). Nevertheless, as the monies have already been paid into the Court's Registry, the Court is not concerned -- at this juncture -- with Plaintiff's Fed.Civ.Proc. Rule 67 contentions (Doc. 181 at 2-3), but rather, with disbursement of the funds in the manner requested by Plaintiff.

1

Justice.  (Doc. 183).   However, Defendant requests that with the disbursement, Plaintiff deem the two (2) monetary judgments as paid in full, satisfied and cancelled.

This matter has been brought to the Court's attention because the parties dispute the exact language of a proposed order to accomplish such, which has prompted Defendant to file its own (rather than a joint) motion for partial satisfaction of judgment, which Plaintiff now opposes. (Docs. 176, 181).   Specifically, with disbursement to Plaintiff of the $88,000, Defendant seeks entry of an order stating such constitutes partial satisfaction of the two (2) monetary judgments and that said judgments ($78,000 CWA penalty and $10,000 expenses) have been paid in full and are thus cancelled.  Plaintiff submitted a proposed order (Doc. 175-1), which does not include the phraseology that Defendant seeks, hence the opposition by Defendant.  In sum, the dispute between the parties appears to hinge on whether the monetary judgments can or should be deemed "cancelled" given Defendant's payment.

Plaintiff suggests that including language stating the judgments are satisfied and cancelled would be inappropriate because Rule 60(b)(5) which authorizes federal courts to grant relief from judgments when they have been "satisfied, released or discharged" is inapplicable to money judgments which provide compensation for past harms, and per specific case law (citing Baucom v. Sisco Stevedoring, LLC, 2008 WL 2428930, *5 (S.D. Ala. Jun. 12, 2008), Sullivan v. Houston Ind. Sch. Dist., 475 F.2d 1071, 1078 (5th Cir. 1973) and U.S. Bancorp Mortg. Co. v. Bonner Mann Partnership, 513 U.S. 18, 26-27 (1994)).

At the outset, Defendant is not relying on Rule 60(b)(5), thus this is Plaintiff's argument, not Defendant's.   Additionally, the cases Plaintiff cites for the proposition that Rule 60(b)(5) "does not apply" are distinguishable as they address *different* requests for relief than that

awarded in this case (e.g., in Baucom the plaintiff sought to *reduce* a monetary judgment entered against him, in Sullivan no money was awarded and the request was to *vacate* a permanent injunction judgment, and Bancorp dealt with a request to *vacate* a judgment post settlement). Moreover, they are focused on equitable considerations via the third clause of Rule 60(b)(5) "or applying it prospectively is no longer equitable[,]" rather than simply on a straight satisfaction of a judgment because it has been paid – i.e., the first clause of Rule 60(b)(5) which provides "the judgment has been satisfied, released or discharged[.]"  Further, Flexiteek Americas, Inc. v. PlasTEAK, Inc., 2012 WL 536423 (S.D. Fla. Sept. 10, 2012) most recently explained the relationship between Rule 60(b)(5), monetary judgments, and a request to vacate such judgment:

> …the equitable leg of subsection (b)(5) has limited application; it allows relief from judgments and orders only to the extent that their application would be "prospective," that is, where "applying [them] prospectively is no longer equitable." Fed.R.Civ.P. 60(b)(5). The provision, therefore, implicitly contrasts "judgments that have prospective effect ... with those that offer a present remedy for a past wrong." Cook v. Birmingham News, 618 F.2d 1149, 1152 (5th Cir.1980). "[T]he standard [to be applied] in determining whether an order or judgment has prospective application within the meaning of Rule 60(b)(5) is whether it is 'executory' or involves 'the supervision of changing conduct or conditions ....'" Twelve John Does, 841 F.2d at 1139.<sup>FN6</sup> … courts construe a money judgment as a present remedy for past wrongdoings; money judgments, therefore, are not considered "prospective" for purposes of Rule 60(b)(5). *See* Marshall, 575 F.2d at 425 (observing that "a judgment at law for damages for past wrongs is inherently final" and concluding that refusal to vacate damages award conformed with mandate of Rule 60(b)(5)) (citations and internal quotations omitted)); Ryan v. United States Lines Co., 303 F.2d 430, 434 (2d Cir.1962) (stating that Rule 60(b)(5) "does not cover the case of a judgment for money damages"); United States v. Eyler, 778 F.Supp. 1553, 1557 (M.D.Fla.1991) (holding that back pay award is "present" rather than "prospective" remedy for purposes of Rule 60(b)(5)) (citing Gibbs v. Maxwell House, a Div. of General Foods, 738 F.2d 1153, 1156 (11th Cir.1984) (stating that although a party may continue to feel the effects of a money judgment, it "is not a 'prospective effect' within the meaning of rule 60(b)(5)"). Even where a money judgment is "prospective" in the more general sense that it remains unpaid, such a judgment "is nevertheless a final order and is not 'prospective' for purposes of Rule 60(b)(5)." Stokors S.A. v. Morrison, 147 F.3d 759, 762 (8th Cir.1998) (concluding "that Rule 60(b)(5)'s equitable leg cannot be used to relieve a party from a money judgment").
>
> FN6. In *Twelve John Does,* the court acknowledged that "[v]irtually every court order

3

> causes at least some reverberations into the future, and has, in that literal sense, some prospective effect; even a money judgment has continuing consequences, most obviously until it is satisfied, and thereafter as well inasmuch as everyone is constrained by his or her net worth." 841 F.2d at 1138. For purposes of the rule, however, the court noted that not all actions having continuing consequences also have prospective application: "That a court's action has continuing consequences, however, does not necessarily mean that it has 'prospective application' for the purposes of Rule 60(b)(5)." *Id.; see also American Iron & Steel Institute v. EPA,* 560 F.2d 589, 599 (3d Cir.1977) (contrasting money judgment and other "inherently final" relief with "an order which necessarily is of a continuing nature").

Yet again, in Flexiteek, the party was making an equitable argument, seeking that the monetary judgment be vacated under the third clause of Rule 60(b)(5).   Such is not the case here.

Nevertheless, this Court has been unable to locate any case law providing that *cancellation* of a judgment (rather than vacating) would be improper.   While case law provides that vacating a monetary judgment would be improper under the third clause of Rule 60(b)(5), there is no definitive indication that cancellation of a judgment, after it has been fully satisfied and paid, would be (under the third or first clause).   This Court has also been unable to locate any case law providing that cancellation of a judgment, rather than having the judgment simply deemed "satisfied," is proper (under either clause).   Given that Rule 60(b)(5) is discretionary in its application, upon consideration the Court finds that Plaintiff is not making any equitable argument here, but rather simply seeks satisfaction or discharge of his debt and thus the related monetary judgments (ostensibly under the first clause of Rule 60(b)(5)).

As such, it is **ORDERED** that Plaintiff's Motion for Disbursement (Doc. 175) is **GRANTED** as follows: the **$88,000** deposited into the Court's Registry by Defendant shall be **DISBURSED by the Clerk** to the Plaintiff in the manner requested (to the Department of Justice, Debt Accounting Operations Group, c/o U.S. Department of Justice, Nationwide Central Intake Facility, P.O. Box 790363, St. Louis, MO, 63179, Ref. N: Hamilton Smith, Case No. CIV-12-00498, CDCS#'s: 2014A64417 and 2015A09949).   Further, it is **ORDERED** that

4

Defendant's Motion for Partial Satisfaction of Judgment (Doc. 176) is **GRANTED in part** as follows: payment of the **$88,000** into the Court's Registry with disbursement of said sums to Plaintiff constitutes Defendant's **PAYMENT IN FULL** of the two (2) related monetary judgments such that they are **PAID IN FULL** and Defendant has **FULLY SATISIFED** the Rule 37 $10,000 expenses Judgment (Doc. 168); and **PARTIALLY SATISFIED** the Clean Water Act Judgment (Doc. 158) insofar as he has **FULLY SATISFIED** the $78,000 monetary civil penalty set forth therein.

**DONE** and **ORDERED** this the **23rd** day of **January 2015.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**